Vermont Superior Court
Filed 11/03/25
Washington Unit



VERMONT SUPERIOR COURT

Washington Unit

65 State Street

Montpelier VT 05602

802-828-2091

www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03053

| **In re: Virginia Black** |
| --- |

# ENTRY REGARDING MOTION

**Title:** Motion for Discovery Protective Order (Motion: 3)
**Filer:** Andrea L. Gallitano
**Filed Date:** May 28, 2025

The motion is GRANTED IN PART.

Attorney Andrea Gallitano has filed a motion in which he seeks a protective order against Appellant Elizabeth Black's discovery requests. Attorney Gallitano represents Deborah Black, Elizabeth Black's sister, and daughter of Virginia Black, the ward in this guardianship matter. Deborah Black is a prior guardian of Virginia Black and is, by virtue of her familial relationship, an interested party in this matter.

The present matter before the Civil Division is an appeal from the Probate Division, filed pursuant to Rule 72 of the Vermont Rules of Civil Procedure. This appeal concerns the Probate Division's June 6, 2024, decision to grant former Guardian Susan Buckholz's fees in the amount of $42,855. These fees concern the

period of January 1, 2020, through April 3, 2023, when Ms. Buckholz served as guardian for Virginia Black, prior to her replacement by David Black, the current guardian.

Elizabeth Black has appealed that decision and filed four questions on appeal:

1. Should Virginia Black be forced to pay a guardian for dishonest activities?

2. Should Virginia Black be forced to pay a guardian for activities which violate the letter or the spirit of Vermont law?

3. Should Virginia Black be forced to pay a guardian for activities which accrue to no benefit to her?

4. Was the April 10, 2024 Probate hearing valid?[1]

The Court will not address the facts assumed in Appellant's questions at this time, but it will note that the questions seek a broad appeal of the Court's June 6th decision. V.R.C.P. 72(c). *In re Estate of Doran*, 2010 VT 13, ¶ 14, 187 Vt. 349. Nevertheless, this Court is bound by the parameters of the decision under appeal. In this case, it is a decision to award a prior guardian her fees for the period in which she served in that position. This decision to grant the prior guardian's fees is governed by 14 V.S.A. § 3076 and the standards established in Rule 66(d) in the

---

[1] In many of her filings, Elizabeth Black purports to speak for Virginia Black, but since she is not the Guardian, she may only file on her own behalf as an interested party.

Vermont Rules of Probate Procedure. This is the scope of the present appeal, and it shall govern how the Court reviews and approaches the present issue and future discovery and procedural issues in this appeal.

*Pending Discovery Request*

On April 12, 2025, Appellant sent Attorney Gallitano a discovery request for:

[A]ll documentation related to Ms. Buckholz's charges to Virginia which pertain to you. This includes phone calls, emails, meetings, conference calls, paper letters, notes, etc. This list is not exhaustive. Please work from the lists in my filings. Please be thorough. Please provide a date or approximate date for every piece so I can check that each of my billing objections which has some relationship to you is covered by what you send.

\*     \*     \*

Regarding phone calls and meetings: If you made recordings of them, please send the recordings to me. If you did not, please send me a written statement about the calls and meetings stating the content of the conversation. I also need any paperwork related to those calls and meetings. I have no doubt you made notes regarding them, and I request these notes. It is crucial that I receive all evidentiary matter underlying Ms. Buckholz's monetary charges to my mother to which I objected in my filings.

Gallitano Ex. 1 (letter from Elizabeth Black to Attorney Gallitano, April 12, 2025).

These requests were tied to six billing dates, which Appellant identifies in the letter

as May 30, 2023, July 6, 2023, August 14, 2023, September 13, 2023, October 20, 2023, and November 27, 2023.

Appellant's requests are a mixture of a request to produce and at least one interrogatory. The Court will analyze each separately. V.R.C.P. 33 and 34.

Appellant's first request is to produce "all documentation related to Ms. Bucholz's charges" as related to Attorney Gallitano. Under Rule 34, the "request shall set forth the items to be inspected, either by individual item or by category, and describe each item and category with reasonable particularity." V.R.C.P. 34(b).

In this case, Appellant describes the following category of items with sufficient particularity under Rule 34 for the six meeting dates: phone calls, emails, meetings, conference calls, papers, letters, and notes.

The terms "etc." and "this list is not exhaustive" are not legally sufficient in their particularity and can neither be enforced as a discovery request nor given compliance. See 8B WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2211 at 173 (3d ed. 2010) (noting that request for documents must be sufficient to apprise a person of ordinary intelligence what is being sought).

Given that phone calls, conference calls, and meetings are not documents, the Court understands Appellant's second paragraph quoted above to clarify that for these categories she seeks any recordings from such calls or meetings. In the

alternative, she seeks a narrative of what was discussed during the calls and meetings. Under Rule 34, a party is not obligated to create a record or modify an existing record. V.R.C.P. 34 (the right is to copy or inspect); see *In re Porsche Cars North America, Inc.*, No. 2:11–md–2233, 2012 WL 4361430, at *9 (S.D. Ohio Sept. 25, 2012) ("Defendants also need not create documents in order to respond to a request for production."). As such, the Court understands this portion of Appellant's request to be an interrogatory under Rule 33 and will deal with it separately.

From this analysis, Appellant's request can be further clarified and understood to be a request for any recordings, emails, papers, letters, and notes relating to Attorney Bucholz's billing items for the six dates listed above.

Against this request, Attorney Gallitano contends that he is entitled to a protective order on three grounds. First, he contends that Appellant has not shown substantial need and undue hardship to obtain the documents from another source under V.R.C.P. 26(b)(4). Second, he contends that the discovery is irrelevant to the decision at issue as none of the information sought relates to the standards for guardian fees under V.R.P.P. 66(d). Third, he contends that the production constitutes annoyance, oppression, undue burden, and expense under V.R.C.P. 26(c).

*Work-Product Privilege/V.R.C.P. 26(b)(4)*

Attorney Gallitano's first contention concerns what is known as the work-product doctrine. Under Vermont law, materials prepared by an attorney or directed to be prepared by an attorney in the course of litigation are considered confidential and are not discoverable. *Energy Policy Advocates v. Attorney General's Office*, 2023 VT 43, ¶ ¶ 8–9, 218 Vt. 310. The work-product doctrine "established a qualified privilege for witness statements prepared at the request of an attorney and an almost absolute privilege for notes." *Id*. at ¶ 9. This is because notes often contain the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." V.R.C.P. 26(b)(4). For these reasons, the Court finds that any notes or similar documents that an attorney, representing a party, in a contested matter, possesses is protected under the strongest provisions of the work-product doctrine.

In this case, Attorney Gallitano's notes are covered by the work-product doctrine and are not discoverable.

As to any recordings, emails, papers, or letters associated with the six meetings, it is not clear if the materials concerned ongoing litigation or addressed other issues associated with the management of Viriginia Black's guardianship. It is also not clear how these meetings fit within the work-product doctrine.

As such, the Court will not rule on whether Rule 26(b)(4) and the work-product doctrine apply to these remaining documents. In light of this decision, Attorney Gallitano may supplement his motion with more specifics including whether there are responsive documents within this category and how the work-product doctrine and the protections of V.R.C.P. 26(b)(4) apply to them.

In this respect, the Court **Grants** Attorney Gallitano's motion **in part** and finds that any notes or attorney-drafted materials or materials created for litigation are exempt from discovery.

*Relevance under V.R.C.P. 26(b)(1)*

Attorney Gallitano contends that the materials sought are irrelevant to the issue under appeal. The Court disagrees. The scope of this appeal is a de novo review of the fees that Ms. Buckholz seeks for her work as Virginia Black's guardian. As a matter of law, Ms. Buckholz is entitled to fees for her work, but Appellant, as an interested party, has a right under 14 V.S.A. § 3076 (d)(2) to question whether some charges are "reasonable and supported by documentary evidence." *Id.* While the scope of this appeal is limited by these parameters and the standards of V.R.P.P. 66(d), the Court finds that Appellant is entitled to understand the substance of Ms. Buckholz's work for which she seeks payment, to the extent that the documents are not privileged. The Court notes that the purpose of such

discovery is not to second guess Ms. Buckholz but to confirm that the billings were accurate and related to her work as guardian and were reasonable.

For these reasons, the Court does not find that this issue should limit the discovery sought to be produced at this time.  The Court will note that it may revisit this issue as the record in this appeal develops.

*Annoyance, Oppression, Undue Burden, and Expense under V.R.C.P. 26(c).*

The pending requests for recordings, emails, papers, or letters associated with the six meetings, does not appear to be annoying, oppressive, or an undue burden or expense under Rule 26(c).  The requests are the only pending discovery requests, and they appear limited in scope and time.  Their potential relevance appears to fit within the scope of Rule 26(b)(1).  As such, the Court does not find this set of requests to be oppressive.

That said, the Court is concerned with Appellant's statements that these requests are only the beginning.  Discovery must be "proportional to the needs of the case," and the Court is authorized to limit discovery to both a reasonable size and scope.  V.R.C.P. 26(b)(1).  In this case, the scope of the appeal is limited.  Appellant's ambitions do not appear to be similarly constrained.  To that end, the Court will set this matter for a discovery conference to set, with input from the parties, the reasonable size and scope of discovery in this matter.  This hearing shall

not pause Attorney Gallitano's present discovery obligations, which the Court will set at 30 days from the date that this Order is issued.

*Request for Summary of Meetings*

As indicated above, Appellant's request that Attorney Gallitano provide written summaries of any meetings with Ms. Buckholz where there was no recording falls under V.R.C.P. 33, which governs interrogatories.

In this case, however, the request by a party that another party's counsel prepare summaries is effectively a request for Attorney Gallitano to violate the work-product doctrine by drafting his sense impressions of any meeting. This is improper and is not permitted under the work-product doctrine and Rule 26(b)(4). For this reason, the request for Attorney Gallitano to draft summaries is **Denied** and Attorney Gallitano's motion for a protective order for this request is **Granted.**

## ORDER

Based on the foregoing, Attorney Gallitano's motion is **Granted in part and Denied in part.** The Court directs that Attorney Gallitano is not obligated to produce any notes that he took before, after, or during any of the six meetings, and he is not obligated to draft summaries of those meetings. V.R.C.P. 26(b)(4). To the extent that Attorney Gallitano has any recordings, emails, papers, or letters associated with the six meetings on behalf of his client, he shall produce them to

Appellant within 30 days of this Order issuing, or he shall supplement his motion with additional information as directed by the Court.

The Court will set this matter for a one-hour discovery conference to address the scope and extent of any discovery in this matter. Parties shall be prepared to discuss their discovery needs within the scope of the present appeal, and each side shall consider the proportionality of the matter with any discovery request. Until this hearing takes place, all discovery in this case, except Attorney Gallitano's obligations described in the prior paragraph, shall be **Stayed**.

Electronically signed on 10/31/2025 3:40 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge